IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

PERRY FULLER,

    Plaintiff,

v.                                           No. 1:17-cv-01002-JDB-egb

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS LOCAL 480 (Successor to
International Brotherhood of Teamsters
Local 217),

    Defendant.

_____

ORDER ADOPTING IN PART REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION TO DISMISS,
AND DISMISSING CASE
_____

I. INTRODUCTION AND PROCEDURAL HISTORY

On January 9, 2017, the *pro se* Plaintiff, Perry Fuller, filed a complaint alleging racial and age discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* claiming the Defendant, International Brotherhood of Teamsters Local 480 (Successor to International Brotherhood of Teamsters Local 217)[1] (the "Teamsters"), failed to assist him in recovering retirement pension benefits from his former employer, Owens Corning. (Docket Entry ("D.E.") 1.) Pursuant to Administrative Order No. 2013-05, this action was referred to the assigned magistrate judge, Edward G. Bryant, for management of all pretrial matters. On February 16, 2017, the Teamsters moved for dismissal of the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 7.) In a report and

---

[1] In its memorandum filed in support of its motion to dismiss, the Defendant advised the Court that Local 217 is defunct and has merged into Local 480. (D.E. 7-1 at PageID 14.)

recommendation entered June 27, 2017, Judge Bryant recommended the motion be granted under both subsections of Rule 12. (D.E. 8.) On July 17, 2017, the Plaintiff filed a copy of a right to sue letter issued by the United States Equal Employment Opportunity Commission ("EEOC") on July 12, 2017. (D.E. 9.) No other objection has been filed by either party.

## II. COURT'S REVIEW OF MAGISTRATE JUDGE'S DETERMINATION

A report and recommendation of a magistrate judge is made in accordance with 28 U.S.C. § 636(b)(1). Such recommendations have "no presumptive weight" and the district judge "has the responsibility of making the final determination in this matter." *Patrick Collins, Inc. v. John Does 1-21*, 286 F.R.D. 319, 320 (E.D. Mich. 2012). He "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). When objections have been filed with respect to a report and recommendation of the magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

## III. ANALYSIS

In its dispositive motion, the Defendant argued, among other things, that this Court lacked subject matter jurisdiction on the grounds that Fuller failed to properly exhaust his administrative remedies. Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Claims of age discrimination are governed by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* (the "ADEA"), which prohibits discrimination "with respect to [an individual's] compensation, terms, conditions, or privileges of employment,

because of such individual's age." *See* 29 U.S.C. § 623(a)(1). "Before a plaintiff alleging discrimination under Title VII can bring suit in federal court, he must satisfy two administrative prerequisites: (1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue." *Clemons v. Metro. Gov't of Nashville*, 664 F. App'x 544, 546 (6th Cir. 2016) (quoting *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003)). The ADEA also requires as a prerequisite presentation of a claim to the EEOC prior to suit in federal court for age discrimination. *Spengler v. Worthington Cylinders*, 615 F.3d 481, 489 (6th Cir. 2010). If the charge is dismissed by the EEOC, it must provide notification to the claimant of the dismissal and his right to bring a civil suit. *Holden v. Atos IT Sol. & Servs., Inc.*, No. 16-3715, 2017 WL 2819222, at *2 (6th Cir. Mar. 17, 2017). The claimant must bring such an action within ninety days after receipt of the right to sue letter. *Id.*

Because Fuller failed to allege in his complaint that he had filed a charge with the EEOC or received a right to sue letter, the magistrate judge recommended dismissal of this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). As previously noted, the Plaintiff filed a copy of a right to sue letter issued July 12, 2017, on July 17, 2017. (D.E. 9.) The Court assumes the filing was intended to constitute an objection exclusively to the Rule 12(b)(1) recommendation.

However, even if the existence and filing of a right to sue letter cured the condition precedent, the complaint, as found by the magistrate judge, still failed to state a claim under Rule 12(b)(6) for either race or age discrimination. "When analyzing a Rule 12(b)(6) motion, the complaint is viewed in the light most favorable to the plaintiff[]; the allegations in the complaint are accepted as true[;] and all reasonable inferences are drawn in the plaintiff['s] favor." *Kaminski v. Coulter*, ___ F.3d ___, 2017 WL 3138308, at *3 (6th Cir. July 25, 2017). The

3

pleading must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Jackson v. Prof'l Radiology, Inc.*, ___ F.3d ___, 2017 WL 3092175, at *3 (6th Cir. July 21, 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Majestic Bldg. Maint., Inc. v. Huntington Bancshares Inc.*, ___ F.3d ___, 2017 WL 3082217, at *2 (6th Cir. July 20, 2017) (quoting *Iqbal*, 556 U.S. at 678). "[T]he complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014) (internal alterations omitted), *cert. denied,* 135 S. Ct. 980 (2015). Although "[p]*ro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings," *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999), they must still comply with the procedural requirements governing civil cases, *McNeil v. United States*, 508 U.S. 106, 113 (1993).

> Here, the Plaintiff alleged as follows:
>
> The unions have discriminated against me. I have not gotten my retirement pension. The union won't get it for me, since they are the only who can get it. The union is committed to protect this contract I sign.
>
> \* \* \*
>
> I payed union dues out of my pay roll checks for years and years. The union is committed to protect me from discriminating, but they have not done so. Owens Corning Fiberglass has stolen my retirement pension, an the union won't find out what happen to my money.

(D.E. 1 at PageID 4, D.E. 1-1 at PageID 7.) He further noted his birthdate as March 13, 1953. (D.E. 1 at PageID 4.) The foregoing allegations contain no facts--including his race--from which the Court could reasonably infer that Fuller suffered discrimination based on his race, age, or any other protected characteristic. Specifically, there is no indication from the complaint that the

4

Teamsters failed to assist him in obtaining his pension because of his race or age and not for some unrelated reason. Accordingly, the Court is in agreement with the magistrate judge that dismissal for failure to state claims of race and age discrimination is warranted. *See Webb v. Shelby Cty. Schs.*, No. 2:16-cv-2033-JPM-dkv, 2017 WL 685777, at *6 (W.D. Tenn. Jan. 31, 2017) (in alleging only that school principal told her he would help her retire, *pro se* plaintiff failed to allege facts that she was actually discriminated against because of her age sufficient to state a claim for age discrimination), *report & recommendation adopted* 2017 WL 685581 (W.D. Tenn. Feb. 21, 2017); *Ramsey v. Frisch's*, Case No. 1:16-cv-1129, 2016 WL 7637287, at *2 (S.D. Ohio Dec. 9, 2016) (where *pro se* plaintiff failed to allege facts from which court could infer discrimination based on some protected characteristic, dismissal pursuant to Rule 12(b)(6) appropriate), *report & recommendation adopted* 2017 WL 25553 (S.D. Ohio Jan. 3, 2017); *Sallie v. The Acadia Vill.*, No. 3:13-cv-693-PLR-HBG, 2014 WL 3887909, at *2 (E.D. Tenn. Aug. 7, 2014) (*pro se* plaintiff's failure to provide factual allegations to support claim that she was discriminated against warranted Rule 12(b)(6) dismissal).

## IV. CONCLUSION

For the reasons set forth herein, the report and recommendation of the magistrate judge is ADOPTED insofar as it recommends dismissal of this matter pursuant to Rule 12(b)(6) for failure to state claims of race and age discrimination,[2] the Teamster's motion to dismiss is GRANTED, and this case is DISMISSED.

IT IS SO ORDERED this 3rd day of August 2017.

s/ J. DANIEL BREEN<br>
UNITED STATES DISTRICT JUDGE

---

[2] The magistrate judge's report and recommendation as to Rule 12(b)(1) is not adopted by the Court.